**Brief for Appellant *Davis v. Anthony Williams***
**Civil Action No. 03-cv-000284, July 31, 2003, 2003 WL**
**2541567**

EXHIBIT A

Westlaw.

2003 WL 25481567 (D.C.)                                                       Page 1
(Cite as: 2003 WL 25481567)

For Opinion See 892 A.2d 1144

District of Columbia Court of Appeals.
DAVIS AND ASSOCIATES, Appellants,
v.
Anthony WILLIAMS, et al., Appellee.
No. 03-CV-284.
July 31, 2003.

Appeal from the Superior Court of the District of Columbia Civil Division

Brief for Appellant

Michael S. Rosier, Esquire, Law Offices of Rosier & Assoc., D. C. Bar Number:
373449, Suite 801, 6188 Oxon Hill Road, Oxon Hill, MD 20745, (301) 567-6700.

*2 TABLE OF CONTENTS

CERTIFICATE REQUIRED BY RULE 28 (A)(1) ... 1

TABLE OF CONTENTS ... 2

TABLE OF AUTHORITIES ... 3

STATEMENT OF ISSUES PRESENTED FOR REVIEW ON APPEAL ... 4

STATEMENT OF THE CASE ... 5

STATEMENT OF THE FACTS ... 6

ARGUMENT ... 8

I. THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS BECAUSE IT FAILED TO
FIND THAT THE PLAINTIFF/APPELLANT'S CONTRACT FOR "REVENUE RECOVERY" OF
MEDICAID/MEDICARE FUNDS WAS EXEMPT FROM CONSIDERATION BY THE CONTRACT APPEALS BOARD
PURSUANT TO D.C. CODE § 2-301.04(b) IN THAT THE CONTRACT WAS FOR "FEDERAL FINANCIAL
ASSISTANCE" ... 8

II THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS THE COUNT I OF THE
COMPLAINT SEEKING DECLARATORY RELIEF SINCE THE CONTRACT APPEALS BOARD IS WITHOUT
AUTHORITY TO GRANT DECLARATORY RELIEF ... 10

CONCLUSION ... 13

APPENDICES ... 14

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)
(Cite as: 2003 WL 25481567)

*3 TABLE OF AUTHORITIES

*STATUTES*

1. *D.C. Code § 1-1181.4(b) [recodified as D.C. Code § 2-301.04(b)] ... 2, 4, 5, 7, 8

2. D.C. Code §2-308.05(a) ... 7

3. D.C. Code Ann. § 2-308.05(a)(2002) ... 8

4. D.C. Official Code § 2-309.03(a) ... 10

5. D.C. Code §32-262.1 (4) ... 11

6. D.C. Code § 32-262.6(b) ... 11

7. SCR-Civil 12(b)(1) ... 5, 8

*CASES*

8. *American Ins. Co. v. Smith*, 472 A.2d 872, 874 (D.C. 1984) ... 9

9. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ... 9

10. *Early Settlers* Ins. *Co. v. Schweid*, 221 A.2d 920, 922 (D.C. 1966) ... 9

11. *Owens v. Tiber Island Condominium Ass'n*, 373 A.2d 890, 893 (D.C. 1977) ... 9

*STATEMENT OF ISSUES PRESENTED FOR REVIEW ON APPEAL*

I. WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS BECAUSE THE COURT FAILED TO FIND THAT THE PLAINTIFF/APPELLANT'S CONTRACT FOR "REVENUE RECOVERY" OF MEDICAID/MEDICARE FUNDS WAS EXEMPT FROM CONSIDERATION BY THE CONTRACT APPEALS BOARD PURSUANT TO D.C. CODE § 2-301.04(b) IN THAT THE CONTRACT WAS FOR "FEDERAL FINANCIAL ASSISTANCE"

II. WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS COUNT I OF THE COMPLAINT FOR DECLARATORY JUDGMENT SINCE THE CONTRACT APPEALS BOARD IS WITHOUT AUTHORITY TO GRANT DECLARATORY RELIEF

*STATEMENT OF CASE*

Davis & Associates, the Plaintiff/Appellant [hereinafter "Davis & Associates" or the "Contractor"] filed a Complaint in this matter [R7]. Count I was for declaratory judgment, Count II was for a breach of contract, and Count III was for punitive damages (Plaintiff/Appellant does not contest the dismissal of Count III

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)
(Cite as: 2003 WL 25481567)

for punitive damages).

The Defendant/Appellee [hereinafter "D.C. General"] then filed a Motion to Dismiss [R30] and a Memorandum of Points and Authority in Support of the their Motion to Dismiss [R32]. D.C. General's Motion to Dismiss was based upon SCR-Civil 12(b)(1) alleging that the Superior Court for the District of Columbia was without subject matter jurisdiction. In D.C. General's Memorandum in Support of the Motion to Dismiss [R41] it was their contention that the Contract Appeals Board had primary jurisdiction for this matter.

Davis & Associates filed a Memorandum in Opposition to D.C. General's Motion to Dismiss [R44]. Davis & Associates directed the Court to the provisions of the D.C. Code §1-1181.4(b) (recodified as D.C. Code §2-301-04(b)) which specifically exempts contracts of "federal *financial assistance*" from the Contract Appeals Board of the District of Columbia.

The Court, granted the Motion to Dismiss [R56] concluding that Davis & Associates had failed to exhaust its administrative remedies not having filed with the Contract Appeals Board prior to judicial review.

Davis & Associates then filed a Motion for Reconsideration/Clarification and a Memorandum in Support thereof [R71] and again directed the Courts' attention to the fact that the Contract Appeals Board is without jurisdiction to address matters regarding contracts or agreements for "federal *financial assistance*." The Court denied the Motion for Reconsideration/Clarification [R82] without addressing the substance of Code §1-1181.4(b) which was recodified to D.C. Code §2-301-04(b) and which specifically exempts the Contract Appeals Board from considering contracts or agreements regarding "federal *financial assistance*" This appeal follows.

*STATEMENT OF FACTS*

The Plaintiff Davis & Associates [hereinafter, "Davis & Associates"], on March 10, 2000, entered into a contract [the "Contract"] with the District of Columbia Health and Hospital Public Benefit Corporation [hereinafter "D.C. General"]. (Contract attached as Exhibit "A" to the Complaint filed herein [R7]). In accordance with the Contract, Davis & Associates was responsible for analyzing records and preparing for submission cost reports to obtain "federal *financial assistance payments*" from Medicaid/Medicare for services rendered during the fiscal year ending December 30, 1999. After having identified the "federal *financial assistance payments*" due to D.C. General, all information was compiled and cost reports were timely submitted in pursuit of the "federal *financial assistance*" afforded by Medicaid/Medicare.

Davis & Associates identified for collection, "dedicated revenue" of D.C. General: to wit money due to D.C. General Hospital from uncollected Medicaid/Medicare payment in an amount in exceeding of Two Hundred Million Dollars ($200,000,000.00). The efforts of Davis & Associates, also identified monies payable to D.C. General Hospital owed by the District of Columbia, as a result of matching funds pursuant to Medicaid.

The Contract referred to herein, was contingent upon monies "received and collected." Davis & Associates alleged in the Complaint that although D.C. General

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)
(Cite as: 2003 WL 25481567)

received and collected monies based upon the effort of Davis & Associates, D.C. General breached the Contract by failing to "collect" monies in a manner required by law. Specifically, D.C. General circumvented the Contract by failing to collect "dedicated revenue" of D.C. General in the manner prescribed by law. D.C. General has received monies identified by Davis & Associates pursuant to the Contract, but did not deposit the monies as required by law, have not paid Davis & Associates and have breached the Contract.

The Complaint was filed for declaratory relief, breach of contract and punitive damages (Davis & Associates doesn't contest dismissal of punitive damages Count).

D.C. General filed a Motion to Dismiss [R30] asserting that the Superior Court was without subject matter jurisdiction in that Davis & Associates had not exhausted its administrative remedies before the D.C. Contract Appeal Board. Davis & Associates in their Memorandum in Opposition to the Motion to Dismiss [R44] asserted that the Contract Appeals Board was without jurisdiction and had no authority to grant the declaratory relief requested and that the Contract Appeals Board was "exempt" from reviewing contracts and agreements for the receipt or making of grant and aid or "federal *financial assistance*" (i.e. Medicaid/Medicare).

Notwithstanding the unequivocal provision of D.C. Code §2-308.05(a), the Court granted the Motion to Dismiss [R56] ruling that the Davis & Associates had failed to exhaust administrative remedies prior to judicial review and asserted that the Contract Appeals Board needed to have an opportunity to "build a factual record" and render its final decision. This ruling was made despite the fact that this Contract was for "federal *financial assistance*": to wit Medicaid/Medicare funds which are specifically and unequivocally exempted from the enabling legislation of the Contracts Appeal Board.

Davis & Associates then filed a Motion for Reconsideration [R74] or asking the Court to clarify its rationale by dismissing this action without comment on unambiguous language of D.C. Code § 1-1181.4(b) [recodified as D.C. Code § 2-301.04]. The Court denied the Motion for Reconsideration. This appeal follows.

*8 I. *ARGUMENT*

THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS BECAUSE IT FAILED TO FIND THAT THE PLAINTIFF/APPELLANT'S CONTRACT FOR "REVENUE RECOVERY" OF MEDICAID/MEDICARE FUNDS WAS EXEMPT FROM CONSIDERATION BY THE CONTRACT APPEALS BOARD PURSUANT TO D.C. CODE § 2-301.04(b) IN THAT THE CONTRACT WAS FOR "FEDERAL FINANCIAL ASSISTANCE".

D.C. General's Motion to Dismiss herein was predicated upon the supposed failure of Davis & Associates to have exhausted administrative remedies prior to filing in the Superior Court of the District of Columbia. Specifically D.C. General alleges that the Contract Appeals Board has exclusive jurisdiction of this matter and pursuant to SCR-Civil 12(b)(1) the Superior Court of the District of Columbia is without subject matter jurisdiction.

However, D.C. Code § 1-1181.4(b) [recodified as D.C. Code § 2-301.04(b)] delineates with specificity the scope of the Contract Appeals Board of the District of Columbia. The Code provides that:

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)                                                           Page 5
(Cite as: 2003 WL 25481567)

"This chapter shall apply to any contract for procurement of goods and services...but *shall not apply to a contract or agreement for the receiving of grant and aid or federal financial assistance.*" [emphasis provided]

Nevertheless, the trial court, in error, agreed with D.C. General stating in the Order [R56] granting the Motion to Dismiss that:
"The contractor failed to exhaust its administrative remedies prior to seeking judicial review as required by D.C. Code Ann. § 2-308.05(a)(2002). The Contract Appeals Board needs to have an opportunity to build the factual records and render its final decision."

Davis & Associates in the Motion for Reconsideration/Clarification [R71], asked the Court to clarify the reason for its Order and the failure to consider D.C. Code § 1-1181.4(b) [recodified as D.C. Code § 2-301.04(b)]. However, the Court, in its Order [R82] of 2/26/03, did not explain or clarify its failure to comment on the applicability of the expressed exclusions contained in D.C. Code § 1-1181.4(b) [recodified as D.C. Code § 2-301.04(b)], pointing only to the fact that the Code *9 provision, which was cited by Davis & Associates had been recodified. However, the applicability of the recodified statute, as it relates to the purported basis for the granting of the Motion to Dismiss, was not addressed in the Order denying the Motion for Reconsideration/Clarification [R82].

In this case, this Court can take judicial notice of the fact that Medicaid/Medicare funds are "*federal financial assistance*". Further, the language of the Contract Appeals Board enabling legislation states unequivocally states that contracts for "*federal financial assistance*" do not come within the jurisdiction of the Contract Appeals Board. Accordingly, the lower Courts' requiring of Davis & Associates to exhaust its administrative remedies by pursuing an action through the Contract Appeals Board even though the Contract Appeals Board is without jurisdiction, places an impossible burden upon Davis & Associates.

It is axiomatic to state that the factual allegations in the Complaint are to be viewed in the light most favorable to the plaintiff and every reasonable doubt concerning those allegations resolved in the plaintiff's favor. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *American Ins. Co. v. Smith*, 472 A.2d 872, 874 (D.C. 1984); *Owens v. Tiber Island Condominium Ass'n*, 373 A.2d 890, 893 (D.C. 1977); *Early Settlers Ins. Co. v. Schweid*, 221 A.2d 920, 922 (D.C. 1966). In this case, viewed in the light most favorable to Davis & Associates, the Contract herein for recovery of Medicaid/Medicare benefits is a contract for "*federal financial assistance*". Therefore, D.C. General's argument that the Superior Court for the District of Columbia is without subject matter jurisdiction because the Contract Appeals Board has primary jurisdiction, is completely without merit. This Contract was for the receipt of "*federal financial assistance*" funds (to wit: Medicaid/Medicare). It is the Contract Appeals Board which is without jurisdiction in this matter.

The trial court is in error for granting the Motion to Dismiss predicated upon the supposed failure of Davis & Associates to exhaust its administrative remedies. The trial court should be reversed.

**\*10 II. ARGUMENT**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)                                                       Page 6
(Cite as: 2003 WL 25481567)


THE TRIAL COURT ERRED BY GRANTING THE MOTION TO DISMISS COUNT I OF THE COMPLAINT
SEEKING DECLARATORY RELIEF SINCE THE CONTRACT APPEALS BOARD IS WITHOUT AUTHORITY TO
                       GRANT DECLARATORY RELIEF.

Count I of the Complaint was a count seeking declaratory relief The reason for this
request was that Davis & Associates's Contract was contingent upon the "realization
and collection" of "*federal financial assistance*" pursuant to Davis & Associatess'
efforts. Accordingly, the failure of D.C. General to "collect" monies as required
by law, would make it impossible for Davis & Associates to identify the funds
received which determines the amount owed to Davis & Associates pursuant to the
Contract.

       A. *The Contract Appeals Board is without jurisdiction or authority to grant
                              declaratory relief.*

The jurisdiction of the Contract Appeals Board, pursuant to D.C. Official Code §
2309.03(a), is very narrow and very specific. Unequivocally, it is inapplicable to
the facts of this case:
"The Board shall be the exclusive hearing tribunal for, and shall have jurisdiction
to review and determine de novo:
1. Any protest of a solicitation or award of a contract addressed to the Board by
an actual or prospective bidder or offeror, or a contractor who is aggrieved in
connection with the solicitation or award of a contract;
2. Any appeal by a contractor from a *final decision* by the contracting officer on a
claim by a contractor, when such claim arises under or relates to a contract; and
[emphasis provided]
3. Any claim by the District against a contractor, when such claim arises under or
relates to a contract." [emphasis provided]

Clearly, neither subparagraph one (1) nor number three (3) apply to this case. In
addition, paragraph number two (2) does not apply because there has been no "final
decision" by a contracting officer on a claim by the contractor. Indeed there has
been no decision regarding funds *11 received pursuant to the efforts of Davis &
Associates. As such, it is abundantly clear that the limited jurisdiction of the
Contracts Appeals Board does not confer the necessary jurisdiction to grant
declaratory relief.

    B. *D.C. General's failure to comply with the law regarding collection of "federal
       financial assistance" funds prevented Davis & Associates from identifying the
             compensation to which it is entitled pursuant to the Contract.*

Payment to Davis & Associates was contingent upon revenue being. "realized and
collected." By law, collection of these funds is to be conducted in a very specific
way. First of all, monies due to D.C. General Hospital are deemed to be "*dedicated
revenue*" pursuant to D.C. Code §32262.1(4). D.C. General has breached the Contract
by failing to "collect" monies in the manner required by law. Specifically, D.C.
General has circumvented the Contract by not adhering to the following statute
which was in effect at all times material to this Contract:
a. Monies due to "D.C. General" are deemed to be "*dedicated revenue*" pursuant to
D.C. Code Section 32-262.1(4).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)                                                                    Page 7
(Cite as: 2003 WL 25481567)

b. *"Dedicated revenue"* of D.C. General Hospital is to be collected by the Mayor as agent and *must be* deposited in the fund established pursuant to D.C. Code § 32-262.6(b). [emphasis provided]
c. The monies in the District of Columbia Health and Hospital Public Benefit Corporation Fund *shall not be a part of, nor lapse into, the General Fund of the District or any other fund* of the District pursuant to D.C. Code § 32-262(b). [emphasis provided]

The actions of D.C. General alleged herein have prevented Davis & Associates from identifying the contingency which are the basis for compensation for services rendered pursuant to the Contract. Surely the law does not contemplate allowing D.C. General to encumber Davis & Associates from ascertaining information regarding the level of compensation to which it is due. Yet in this case, D.C. Generals' actions have effectively prevented Davis & Associates's ability to assess the full measure of its success.

**\*12** Had D.C. General complied with the law, Davis & Associates could simply have monitored the "fund," which the law states is to be the exclusive fund for the receipt of monies by "D.C. General Hospital." Davis & Associates, by monitoring this "fund", would be able to determine the "federal *financial assistance"* funds which were collected due to its efforts. D.C. General, by not "collecting" the funds of "D.C. General Hospital," in accordance with the law, have effectively inhibited Davis & Associates's efforts to be compensated pursuant to the contingency fee Contract. It is for this reason that Count I seeks a Declaratory Judgment regarding the rights of the Contractor to rely upon the law as is relates to deposits *of "dedicated revenue"* of "D.C. General Hospital" which has been collected.

Additionally, as stated above, there is no remedy which Davis & Associates can receive at the Contract Appeals Board regarding the issues relating to the D.C. Generals' failure to comply with the law relating to the "realization" and "collection" of the *"dedicated revenue"* in this case (Medicaid/Medicare payments). A declaratory judgment is appropriate in this case. The trial court erred in granting the Motion to Dismiss the count for declaratory judgment and should be reversed.

### \*13 *CONCLUSION*

The Motion to Dismiss, which is the subject of this appeal was not based upon the merits of the case, nor upon the sufficiency of the allegations in the Complaint; rather it was based upon the finding of the lower court that the D.C. Contract Appeals Board had primary jurisdiction of this matter. As explained herein, this is erroneous.

The lower court cannot confer upon the Contract Appeals Board the authority to grant declaratory relief Further, the enabling legislation of the Contracts Appeals Board *specifically exempts* the Contracts Appeals Board from considering contracts regarding the receipt of *"federal financial assistance"*.

The Agreement which is the subject matter of this litigation is a contract which unequivocally is for the receipt of "federal *financial assistance"* from

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2003 WL 25481567 (D.C.)                                                    Page 8
(Cite as: 2003 WL 25481567)

Medicaid/Medicare. The Contract Appeals Board has neither the statutory nor inherit
authority to grant declaratory relief sought by Davis & Associates in this case nor
to consider contracts regarding "federal *financial assistance*".

For these reasons and other reasons cited in this brief it is respectfully
requested that oral argument be granted on this matter and that the trial court be
reversed.

                              Appendix not available.

DAVIS AND ASSOCIATES, Appellants, v. Anthony WILLIAMS, et al., Appellee.
2003 WL 25481567 (D.C.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.