UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. MICHAEL L. DAVIS, <br><br> Plaintiffs, <br><br> v <br><br> THE DISTRICT OF COLUMBIA <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case Number: 06-489 (RWR) |

OPPOSITION TO MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT

COMES NOW Plaintiff Michael L. Davis ("Davis"), by Counsel, and opposes Defendant's motion to dismiss for the following reasons:

I.  Davis qualifies under the original source exception to the public disclosure bar of the False Claims Act ("FCA").

Defendant argues that this Court lacks subject matter jurisdiction over the claims alleged in the Davis complaint because Davis fails to allege the prerequisites to the original source rule. This argument is baseless.

Section 3730 (e)(4)(A) of the FCA provides that "[n]o court shall have jurisdiction under this section upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, audit, or investigation, or from the news media, unless…the person bringing the action is an original source of the information".

"[O]riginal source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily

provided the information to the Government before filing an action under the FCA which is based on the information. 31 USC § 3730 (e) (4) (B).

The issue of when a private person qualifies under the original source exception of the public disclosure bar was addressed by the United States Supreme Court in <u>Rockwell International Corp. v. United States</u>, 549 U.S. 051272 (2007). The Supreme Court held that the relator must have direct and independent knowledge of the information on which the allegations in his complaint are based.

The Supreme Court emphasized the <u>direct and independent</u> nature of the relator's information: "It is difficult to understand why Congress would care whether a relator knows about the information underlying a publicly disclosed allegation…when the relator has a direct and independent knowledge about the information supporting the same allegation. Not only would this make little sense, it would raise nettlesome procedural problems, placing courts in the position of comparing the relator's information with the often <u>unknowable</u> information on which the public disclosure was based." Id. at13. Emphasis in original.

In the instant case the Davis complaint alleges direct and independent information acquired by analyzing thousands of pages of federal, D.C. and private persons' records and supporting documentation; review of applicable laws and regulations; attendance at meetings; and other activities. The GAO report attached to Defendant's motion to dismiss has a much different scope from Plaintiff's analyses.

To the extent it has any application after <u>Rockwell</u>, Defendant's reliance on <u>United States ex rel. Findley v. FPC-Boron Employees' Club</u>, 105 F.3d 675 (D.C. Cir., 1997) is misplaced. The Court in <u>Findley</u> held that the relator did not have direct and

independent knowledge. His complaint merely echoed publicly disclosed, allegedly fraudulent transactions that <u>already</u> enabled the government to adequately investigate the case and to make a decision whether to prosecute. <u>Id</u>. at 688. Emphasis added.

The <u>Findley</u> court found that: "The relator must possess substantive information about the particular fraud, rather than merely background information that allows a putative relator to understand the significance of a publicly disclosed transaction or allegation." Id. In the instant case David had substantive information from his Black book and other analyses and documents which both pre- and post-dated the September 2000 GAO report. Unlike the <u>Findley</u> case, Davis possessed information about particular fraudulent transactions by the District government and contractors, facts that were not the focus of the GAO report.

II.    <u>Davis did make voluntary disclosure to the Government</u>.

The exact parameters of Section 3730 (e) (4) (B) are unknown. The United States Supreme Court chose not to address the issue in <u>Rockwell</u>. <u>Supra</u> at 18. The subsection seems to mean that the relator must provide all his pertinent information in the written disclosure to a <u>qui</u> <u>tam</u> complaint, therefore reinforcing the Section 3730 (b) (2) requirement of "substantially all material evidence and information."

At the time the FCA was amended to include the public disclosure bar and the original source exception, the requirement that a relator voluntarily provided information was explained as follows by a drafter:

> [T]he requirement…is meant to preclude the ability of the an individual to sue under the qui tam section of the False Claims Act when his suit is merely based solely on public information and the individual was a source of the allegations only because the individual was subpoenaed to come forward.

3

132 Cong. Rec. 20, 536 (Aug. 11, 1986) (remarks by Sen. Grassley).

Thus, it appears that the focus of the requirement is for the relator to act on his own behest when bringing the problem to the attention of the Government.

The Davis complaint clearly alleges that Davis brought questionable and fraudulent activities to the attention of D.C. officials beginning in 1999 with the compilation of the Black Book.

Davis also served a written disclosure of substantially all material evidence and information he possessed to the government pursuant to Section 3730 (b) (2) of the FCA. Defendant cannot argue seriously that this disclosure did not occur since it is mandated by Section 3730 (b) (2) ("shall be served on the Government pursuant to Rule 4 (d) (4)"). And, the Government is mandated to make a decision on how to proceed after review of the complaint and written disclosure. Section 3730 (b) (4).

III.    <u>Davis alleges the elements of fraud in particularity</u>.

Rule 9 (b) states in applicable part: "In alleging fraud…, a party must state with particularity the circumstances constituting fraud…Malice, intent, knowledge and other conditions of a persons' mind may be alleged generally." Rule 8 (a) (2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

It should be noted initially that Defendant does not allege that the Davis complaint as written is not capable of a response by the District. The District has not moved for a more definite statement pursuant to Rule 12 (e) which provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague and ambiguous that a party cannot reasonably prepare a response." Since the District has not filed a Rule 12 (e) motion, the Court must conclude that the Davis complaint was pled with sufficient particularity that the District <u>can</u> reasonably prepare a response. That being the case, the Davis complaint give the District "fair notice of what the …claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. _____ 1955 (2007), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

      The other arguments regarding the District's lack of particularity argument are also baseless. The District argues that it is prejudiced by a failure to allege a request for payment by the District to the government; however, nowhere in the motion to dismiss does the District allege that it did <u>not</u> request payment. Nor does it deny the truth of paragraph 42 of the Davis complaint that it received payments. To state the obvious— one usually is not paid when one does not request payment.

      The District argues that the Davis complaint fails to allege the time, place and manner of the fraud; however, the Davis complaint presents these facts in its sixty-three numbered paragraphs. A complaint is not required to state every possible detail and in fact this would be impossible for any party.

      The Federal Rules of Civil Procedure recognize that discovery in the form of interrogatories, requests for production, requests for admissions and depositions are required to flesh out the facts, particularly those in the possession of the other party. The Supreme Court has stated that "the Federal Rules eliminated the cumbersome requirement that a claimant "set out <u>in detail</u> the facts upon which he bases his claim."

5

Bell Atlantic Corp., supra, quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (emphasis added).

The District argues that the Davis complaint's use of information and belief pleading makes it subject to dismissal. A review of the complaint reveals that "on information and belief" appears in only six sentences in a sixty-three paragraph complaint (paragraphs 41, 43, 44, 45, 46 and 49). In each of the six instances the District controls the precise detail such as the exact date it acted, its account data, and the documents it filed. Discovery will allow Davis to depose Mr. Gandhi and others and request and/or subpoena the relevant documents.

Finally, the District argues that Count III is barred by the intracorporate conspiracy doctrine and by a failure to allege conspiratorial concerted action. This argument is specious. Paragraph 62, sentence one, of the complaint states: "The District Government violated the False Claims Act by knowingly conspiring with the persons and entities described herein, and with others, to defraud the Federal Government by getting a false or fraudulent claim allowed or paid." Emphasis added. In addition to District officials, the public accounting firm of Mitchell & Titus and its managing partner, Gregory Holloway, are named (see, e.g. Paragraphs 16, 32-34). Paragraphs 33 and 34 clearly allege a conspiratorial concerted action, especially sentences two and three of Paragraph 34: "Holloway responded that he had already discussed this with the DC-CFO (Holt), members of the District Financial Control board, and other District officials, including people in the Mayor's office, and that a decision had been made to omit all mention of the Black Book claims from the financial records of both the District and the PBC. This accounting fraud was possible, in part, because Mitchell & Titus served as the

'independent' auditor for both the District and the PBC, and was acting under the direct influence of the OCFO."

IV.     Conclusion.

    WHEREFORE, for reasons stated above, Plaintiff respectfully submits that the Court deny Defendant's motion to dismiss and order an answer be filed.

Respectfully submitted,

MICHAEL L. DAVIS
By Counsel

    /S/
Harvey J. Volzer
DCB 263525
Attorney for Michael L. Davis
Shaughnessy, Volzer & Gagner, P.C.
216 S Patrick Street
Alexandria, VA  22314
Phone: (703) 549-0446
Fax: (703) 549-0449
volzer@svg-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Denise J. Baker, Esquire
>Grace Graham, Esquire
>Office of the Attorney General
>441 4th Street, NW, 6th Floor
>Washington, D.C. 20001
>
>Brian James McCabe, Esquire
>U.S. Department of Justice
>1331 Pennsylvania Avenue, NW
>Suite 1150-N
>Washington, DC 20004

>/S/
>Harvey J. Volzer
>DCB 263525
>Attorney for Michael L. Davis
>Shaughnessy, Volzer & Gagner, P.C.
>216 S Patrick Street
>Alexandria, VA 22314
>Phone: (703) 549-0446
>Fax: (703) 549-0449
>volzer@svg-law.com