UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA )<br>Ex rel. MICHAEL L. DAVIS, )<br>　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　 )<br>　　v. )<br>　　　　　　　　　　　　　　　 )<br>THE DISTRICT OF COLUMBIA, )<br>　　　　　　　　　　　　　　　 )<br>　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　 ) | Case Number:  06-489 (RWR) |

**DEFENDANT, THE DISTRICT OF COLUMBIA'S, REPLY TO
PLAINTIFF'S/RELATOR'S OPPOSITION TO MOTION TO DISMISS**

**I.    SUMMARY OF REPLY**

Relator's Opposition fails to sufficiently oppose the District's motion to dismiss on subject matter jurisdictional grounds[1], and fails to controvert the need for dismissal raised by the District as it relates to the fraud pleading.

Relator's reply fails to submit any factual substance to his claim that voluntarily provided written disclosures of alleged fraudulent transactions or allegations to the federal government

---

[1] The jurisdictional inquiry proceeds in two steps, each with two subsidiary prongs of its own. First, the Court must determine that: (1) there has been a public disclosure of allegations or transactions; and (2) that the lawsuit is based upon the public disclosure of allegations or transactions. *U.S. ex rel. Springfield Terminal Railway Co. v. Quinn,* 14 F.3d 645, 651 (D.C. Cir. 1994). Second, if there is a public disclosure, the court must determine whether the relator is an original source, meaning one who: (1) has direct and independent knowledge of the information and (2) voluntarily provided that information to the government before filing the action. *Id.* Relator's opposition does not deny that there was a public disclosure.  It only qualifies the public disclosure by stating that it "has a much different scope from Plaintiff's analyses." (Pltf. Opp. Mot. Dismiss page 2).

before filing the action. In fact, it fails to add any factual substance in support of jurisdiction. Relator's action is, therefore, fatally flawed and this Court lacks subject matter jurisdiction.

Relator fails to inform this Court of the fairly low standard interpreting the term "based upon" for jurisdiction purposes The District has alleged that the lawsuit is based upon a public disclosure, and Plaintiff admits a prior disclosure. (Complaint ¶ 30). This Circuit interprets "based upon" to mean a public disclosure that is "supported by" or is "substantially similar" to the allegations or transactions contained in the disclosure. *U.S. ex rel. Hockett, M.D. v. Columbia/HCA Healthcare*, 498 F.Supp.2d 25, 47 (D.D.C. 2007). The allegations, therefore, need not be exact. Relator's FCA Claims are "substantially similar" to the publicized GAO Report.

Relator's reliance on *Rockwell International Corp. v. United States*, ___ U.S. ___, 127 S.Ct. 1397, 1412-13 (2007) to establish that Relator has "direct and independent knowledge of the **information on which the allegations in his complaint are based**" is misplaced. (emphasis added). Judge Lamberth has confirmed that "Rockwell does not deal directly with the first prong of the statutory analysis, i.e., whether a suit is based on a public disclosure. . .." *Hockett* at 44. Relator's reply memorandum is silent with respect to the public disclosure other than to state that it had a different scope. (Pltf. Opp. Mot. Dismiss page 2). This Court has held that, at most, *Rockwell* provided "some guidance" in conducting that inquiry." *Id.* (Lamberth, J.). Thus, this Court should ignore the Relator's arguments based upon *Rockwell*.

II.   **LEGAL ARGUMENT**

>   A. *Relator's Opposition Fails to Factually Support his Opposition to the District's FRCP 12 (b) (1) Motion to Dismiss*

2

Relator's opposition fails to meet his burden of proof to contest the District's Fed. R. Civ. Pro. 12 (b) (1) motion to dismiss. As a result, the District's motion should be granted. On a 12(b) (1) motion to dismiss for lack of subject matter jurisdiction, the relator bears the burden of establishing that the court has subject-matter jurisdiction. *Flynn v. Veazey Const. Corp.*, 310 F. Supp. 2d 186, 189, 190 (D.D.C. 2004 (Urbina, J.). Fed. R. Civ. Pro. 12 (b) (1) motions permit the court to review and consider matters outside the pleadings. *Id.*

Relator fails to append any documents outside the pleadings to his opposition to thwart the grant of motion in the District's favor—not even the jurisdictionally required written disclosure of "substantially all material evidence and information" that he contends was sent to the government. See, 31 U.S.C § 3730 (b) (2) (statutory provision requires that the written disclosure shall be served on the government pursuant to Rule 4 (d) (4)); (See Relator's Opposition to Motion to Dismiss, page 4). Decidedly, Relator effectually concedes the factual and jurisdictional burden of production by his failure to present any evidence to overcome the jurisdictional bar.

### B. *Relator's Opposition Incorrectly Conflates Written Disclosure to the Government with Notice to the District of Columbia*

Relator's opposition seems to state that he fulfilled the statutory requirement to provide written disclosure to the government, 31 U.S.C. §3730 (b) (2) by bringing "questionable and fraudulent activities to the attention of D.C. officials beginning in 1999 with the compilation of the Black Book." (Relator's. Opp. Mot. Dismiss page 4). However, as a matter of law, it is not the District government that receives the written disclosure. It is the federal government. If Relator failed to make the required written disclosure to the federal government, this Court is without jurisdiction. 31 U.S.C. §3730 (b) (2).

Relator allegedly "also served a written disclosure of substantially all material evidence and information he possessed to the government pursuant to Section 3730 (b) (2) of the FCA. (Pltf. Opp. Mot. Dismiss page 4).  Assuming Relator made a written disclosure to the **federal** government, his failure to publicize the disclosure to oppose a jurisdictional challenge is fatal to this Court's subject matter jurisdiction.   This is especially true where, as here, Relator presented no evidence for this Court's consideration to oppose the District's motion to dismiss based upon lack of jurisdiction.

### C.  Relator's Opposition Fails to Refute Either Criteria of the Public Disclosure Jurisdictional Bar

The public disclosure bar is jurisdictional and requires this Court to construe the FCA narrowly.  *Kikkonen v. Guardian life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The FCA provides that "no court shall have jurisdiction **based upon** the public disclosure of allegations or transactions."  31 U.S.C. § 3730(3)(4)(A) (emphasis added).  The public disclosure prong of 31 U.S.C. 3730 (e) has two discrete criteria: (1) there must be a public disclosure of allegations or transactions; and the *qui tam* suit must be "based upon the public disclosure."  *United States ex rel. Schweld v. Planning Research Corp., Inc.*, 39 F. Supp. 2d 28. 31 (D.D.C. 1999).

As to the first criterion, Relator's opposition contends that a prior governmental report "has a much different scope from Plaintiff's analyses."  (Pltf. Opp. Mot. Dismiss page 2); (See GAO Report, attached as Exhibit B to Deft Mot. Dismiss, page 1).   Arguing that the scope is **different** is insufficient to avoid the jurisdictional bar.  This argument fails to assert that **no** public disclosure occurred.  More importantly, Relator's complaint alleges that a "public disclosure" took place on which Davis bases its "original source" status.  (Complaint ¶ 30).

4

Relator cannot now deny a prior public disclosure when faced with the District's jurisdictional challenge after pleading contrariwise earlier. Relator must be held to his pleadings.

Thus, all that is needed to meet the first criterion of the public disclosure bar is that the general practice [of allegations or transactions] be publicly disclosed. *Hockett* at 46 (citing *U.S. ex rel. Settlemire v. District of Columbia,* 198 F. 3d 913, 919 (D.C. Cir. 1999)). "The level of public disclosure necessary to trigger the bar is relatively low, may be general in nature, and a relator's ability to provide more specific information than that relayed by the public disclosure is irrelevant." *Hockett* at 46 (citing *Findley v. FPC-Boron Employees' Club*, 105 F.3d 675, 687 (D.C. Cir. 1997)) (internal citations omitted). A relator may not merely submit a narrowly focused variation of a publicly disclosed fraud allegation. *Id.* Relator's *qui tam* suit is nothing more than a variation on a theme of alleged questionable transactions publicly disclosed by the GAO as early as 1999. Assuming *arguendo*, Relator has "direct and independent" knowledge of some District government transactions, which is vehemently contested by the Defendant, Relator's ability to more narrowly tailor and specify his allegations is insufficient to overcome the District's motion to dismiss on jurisdictional grounds.

As to the second criterion of the public disclosure bar, that the *qui tam* suit must be "based upon the public disclosure," Relator's opposition again misses the mark. The term of art "based upon" in FCA parlance has been interpreted by this Circuit to mean a public disclosure that is "supported by" or is "substantially similar" to the allegations or transactions contained in the disclosure. *Hockett*, 498 F.Supp. 2d at 47. The allegations, therefore, need not be exact in order that a finding of "substantially similar" be made by this Court.

Relator's FCA Claims are "substantially similar" to the publicized GAO Report. A public disclosure which is substantially similar to allegations made in support of a *qui tam* action

5

bars a relator's claim as long as it occurred **before** relator filed his or her complaint.  The relator's lawsuit "does not need to actually be "derived from" the public disclosure." *Hockett at 47* (citing *Findley at* 682). "A relator's suit is 'based upon' prior allegations where is consists of 'merely variations on the fraud [that a prior] complaint described." *Hockett* at 49 (citing *U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214 (D.C. Cir. 2003).

The District strongly denies engaging in any fraudulent transactions or allegations.  That said, however, the September 29, 2000 GAO Report, prepared by the U.S. Office of Management and Budget ("OMB"), reported the results of its own investigation of the funding relationship between the District's general fund and the PBC accounts culminating in the report dated September 29, 2000 as a result of "published news reports that the PBC had drawn $60 million in unbudgeted cash from the District of Columbia General Fund in the context of an Anti-Deficiency Act violation." OMB found and reported several of the key allegations set forth in the FCA complaint.  For example, the OMB report uncovered that there had been substantially similar accounting transaction between the District's General Fund and the PBC accounts as early as 1997, well before Davis "blew its whistle" in its 2006 FCA lawsuit.

### D. Relator's Opposition Fails to Negate the District's FRCP 12 (b)(6) Motion to Dismiss for Failure to Plead Fraud with Particularity

Relator's general denial of the District's Motion to Dismiss for failure to properly allege fraud is insufficient.  The District reiterates its factual and legal averments set forth in its original Motion to Dismiss, as if set forth at length herein.  (District Mot. Dismiss pages 24-29).

Relator failed to adequately plead District liability based on fraud under the FCA, by failing to allege: (1) the existence of the request for payment, and (2) that the request was fraudulent.  *U.S. v. Bouchey*, 860 F. Supp. 890, 892 (D.D.C. 1994) (citing U.*S. ex rel. Glass v. Medtronics*, 957 F. 2d 605, 608 (8th Cir. 1992).  Relator also failed to adequately state the time,

6

place, and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud. *Kowal v. MCI Communications Corp*., 16 F.3d 1271, 1278 (D.C. Cir. 1994). That Relator names certain individuals who may have attended meetings is insufficient as well. A proper fraud claim must also state which individual made the misrepresentation. *See United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) *cert. denied*, 455 U.S. 999 (1982).

### E. Relator's Opposition Fails to Deny that Relator is Part of the Alleged Conspiracy

Relator's complaint names many individuals at several alleged clandestine meetings attended by D.C. employees and contractors, including Relator. (See Complaint ¶ 38). The Intracorporate conspiracy doctrine should apply to bar any action against all persons at the meeting in which alleged fraudulent transactions were discussed. *See*, *Gladden v. Barry*, 558 F. Supp. 676, 680 (D.D.C. 1983) (The District of Columbia government is a single entity acting and cannot be said to conspire with itself through its officials); *Michelin v. Jenkins,* 704 F. Supp. 1, 4 (D.D.C 1989) (there can be no conspiracy between the District of Columbia Board of Education and its officials to violate plaintiff's rights because the defendants comprised a single entity that was incapable of entering into a conspiracy). The conspiracy claim should be precluded because the "persons and entities" described in the complaint are District of Columbia employees, agents or officials and cannot conspire with themselves. (*See, e.g*., Complaint ¶ 33 and 38 persons identified as D.C. agents, employees, and officials, along with relator and its staff).

However, Relator's reply brief argues to the contrary that "[t]his accounting fraud was possible, in part, because Mitchell & Titus served as the 'independent' auditor for both the District and the PBC, and was acting under the direct influence of the OCFO." (Relator's Opposition to District Mot. Dismiss pages 6-7) (Complaint ¶ 34). This argument is without

7

merit. The "independent" status of the auditor is irrelevant to the fact that it was a paid District of Columbia agent under contract.

Moreover, if the "independent" auditor and all other D.C. employees, contractors and agents conspired at these "clandestine" meetings, then Relator, who claims to have "direct and independent knowledge of the information on which the allegations in his complaint are based" pursuant to the *Rockwell* analysis, is equally suspect in the alleged conspiracy. Relator attended and participated in conspiratorial conversations in September 1999 and August 2000. (Complaint ¶¶ 32, 38-40).

Relator failed to repudiate the alleged conspiracy until six (6) years later when he filed the instant FCA suit, if at all. Assuming the intracorporate conspiracy doctrine does not apply, as argued in Relator's reply brief, then the relator is a part of the "conspiracy" and has failed to adequately abandon or withdraw from it. *See U.S. v. Garrett*, 720 F.2d 704-714 (D.C. Cir. 1983) (to establish an effective withdrawal, the defendant must show that he took affirmative action to defeat or disavow the purpose of the conspiracy.) (citing *United States v. Phillips,* 664 F.2d 971, 1018 (5th Cir.1981), *cert. denied,* 457 U.S. 1136 (1982) " [T]he '[m]ere cessation of activity in furtherance of the conspiracy does not constitute withdrawal.' 664 F.2d at 1018 (testimony that defendant had "broke[n] off relations completely" with co-conspirators did not constitute withdrawal as a matter of law). *See also Hyde & Schneider v. United States,* 225 U.S. 347, 369, (1912); *United States v. Smith,* 623 F.2d 627, 631 (9th Cir.1980) (withdrawal requires affirmative act to defeat purpose of conspiracy or "'definite, decisive, and positive steps'" to disassociate with the venture); *United States v. Mardian,* 546 F.2d 973, 978 & n. 5 (D.C.Cir.1976) (withdrawal requires "'either the making of a clean breast to the authorities'" or "'communication of the abandonment'" of the criminal enterprise).

### III. CONCLUSION

For all the reasons set forth above, Relator complaint should be dismissed with prejudice.

Respectfully submitted:

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov